# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEXTER LAWRENCE GRIFFIN,<br><br>    Petitioner,<br><br>    v.<br><br>BRANDON PRICE,<br><br>    Respondent. | Case No. 1:22-cv-00015-SAB-HC<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |

Petitioner, who is civilly committed to Coalinga State Hospital, is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.**

**DISCUSSION**

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

Petitioner has three habeas petitions pending before this Court in Griffin v. Price, No. 1:21-cv-01507-SAB, Griffin v. Price, No. 1:21-cv-01516-JLT-BAK, and the present case, No.

1:22-cv-00015-SAB.[1] "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." Adams v. Cal. Dep't of Health Servs., 487 F.3d 684, 688 (9th Cir.2007) overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880, 904 (2008). "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" Adams, 487 F.3d at 688 (quoting Walton v. Eaton Corp., 563 F.2d 66, 70 (3d Cir.1977) (en banc)).

In assessing whether a second action is duplicative of the first, the Court examines whether the causes of action and relief sought, as well as the parties or privies to the action, are the same. Adams, 487 F.3d at 689. First, the Court must examine whether the causes of action in the two suits are identical pursuant to the transaction test, developed in the context of claim preclusion. Id. Second, the Court determines whether the defendants are the same or in privity. Privity includes an array of relationships which fit under the title of "virtual representation." Kourtis v. Cameron, 419 F.3d 989, 996 (9th Cir. 2005). "The necessary elements of virtual representation are an identity of interests and adequate representation." Adams, 487 F.3d at 691 (citing Kourtis, 419 F.3d at 996). "Additional features of a virtual representation relationship include a close relationship, substantial participation, and tactical maneuvering." Adams, 487 F.3d at 691 (quoting Kourtis, 419 F.3d at 996).

A plaintiff is required to bring at one time all of the claims against a party or privies relating to the same transaction or event. Adams, 487 F.3d at 693. The Court has discretion to dismiss a duplicative complaint with prejudice to prevent a plaintiff from "fragmenting a single cause of action and litigating piecemeal the issues which could have been resolved in one action." Id. at 694 (quoting Flynn v. State Bd. of Chiropractic Exam'rs, 418 F.2d 668, 668 (9th Cir.1969) (per curiam)).

///

---

[1] The Court may take judicial notice of its own records in other cases. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1    In both this case and in case number 1:21-cv-01507-SAB, Petitioner appears to challenge
2 his indefinite commitment and an August 15, 2008 Sacramento County Superior Court
3 determination that Petitioner is a sexually violent predator within the meaning of California
4 Welfare and Institutions Code § 6600, et seq. In fact, certain pages of each petition are identical.
5 (Compare ECF No. 1 at 1–15 with Petition at 17–31, Griffin v. Price, No. 1:21-cv-01507-SAB
6 (E.D. Cal. Sept. 30, 2021), ECF No. 1). Generally, "where a new *pro se* petition is filed before
7 the adjudication of a prior petition is complete, the new petition should be construed as a motion
8 to amend the pending petition rather than as a successive application." Woods v. Carey, 525 F.3d
9 886, 888–90 (9th Cir. 2008). However, here, the later-filed petition contains pages that are exact
10 duplicates of the petition currently pending in the previously filed case, and the later-filed
11 petition does not attempt to raise new claims. Therefore, construing the later-filed petition as a
12 motion to amend would serve no purpose. Accordingly, the instant petition for writ of habeas
13 corpus should be dismissed as duplicative of the petition filed in Griffin v. Price, No. 1:21-cv-
14 01507-SAB.

## II.

## RECOMMENDATION & ORDER

Based on the foregoing, the undersigned HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED as duplicative.

Further, the Clerk of Court is DIRECTED to randomly assign this action to a District Judge.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). Petitioner is advised that failure to file objections within the specified time may

result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 2, 2022**

_____
UNITED STATES MAGISTRATE JUDGE