UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEXTER LAWRENCE GRIFFIN,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>BRANDON PRICE,<br><br>　　　　Respondent. | No. 1:22-cv-00015-JLT SAB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DENYING PETITIONER'S MOTIONS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Docs. 4, 5, 8) |

　　　　Dexter Lawrence Griffin, who is civilly committed to Coalinga State Hospital, is proceeding *pro se* with a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On February 2, 2022, the magistrate judge determined the petition for writ of habeas corpus duplicated that filed in Case No. 1: :21-cv-01507-SAB, as in both actions he "challenge[s] his indefinite commitment and an August 15, 2008 Sacramento County Superior Court determination that Petitioner is a sexually violent predator within the meaning of California Welfare and Institutions Code § 6600, et seq." (Doc. 4 at 3.) In so finding, the magistrate judge also noted the petition now before the Court "contains pages that are exact duplicates of the petition currently pending in the previously filed case," and Petitioner "does not attempt to raise

1   new claims." (*Id.*)  Therefore, on February 2, 2022, the magistrate judge recommended the
2   petition for writ of habeas corpus be dismissed as duplicative of the petition filed in *Griffin v.*
3   *Price*, No. 1:21-cv-01507-SAB.  (*Id.*)
4         The Findings and Recommendations were served Petitioner and contained notice that any
5   objections were to be filed within thirty days of the date of service.  (Doc. 4 at 3.)  On February
6   28, 2022, Petitioner filed his objections (Doc. 7), along with a Rule 37 motion to compel
7   disclosure (Doc. 5) and a motion for miscellaneous relief (Doc. 8). On March 9, 2022, Petitioner
8   submitted a duplicate copy of his objections. (Doc. 9.)  However, Petitioner does not refute the
9   fining by the magistrate judge that the petition now pending is duplicative.
10        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court conducted a *de*
11  *novo* review of the case. Having carefully reviewed the entire file— including Petitioner's
12  objections— the Court holds the Findings and Recommendations are supported by the record and
13  proper analysis.
14        In the Rule 37 motion, Petitioner requests the Coalinga State Hospital withdraw $40.00
15  for witness fees and mileage. (Doc. 5.) The Court has not authorized discovery in this matter. *See*
16  Rule 6(a) of the Rules Governing Section 2254 Cases (stating that leave of court is required for a
17  party to conduct discovery). Accordingly, the Rule 37 motion will be denied. It is unclear to the
18  Court what relief Petitioner seeks in his other motion, though Petitioner refers to a change in
19  counsel in his state proceeding, an evidentiary hearing, appointment of counsel, service of
20  documents, and speedy trial violations. (Doc. 8.) As the Petition will be dismissed as duplicative,
21  an evidentiary hearing and appointment of counsel are not warranted. Accordingly, Petitioner's
22  motion for miscellaneous relief will likewise be denied.
23        Having found that petitioner is not entitled to habeas relief, the Court now turns to
24  whether a certificate of appealability should issue. A petitioner seeking a writ of habeas corpus
25  has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only
26  allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); 28 U.S.C.
27  § 2253. The court should issue a certificate of appealability if "reasonable jurists could debate
28  whether (or, for that matter, agree that) the petition should have been resolved in a different

manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). In the present case, the Court finds that reasonable jurists would not find the determination that the petition should be dismissed as duplicative debatable or wrong, or that Petitioner should be allowed to proceed further. Therefore, the Court declines to issue a certificate of appealability. Accordingly, the Court **ORDERS**:

1. The Findings and Recommendations issued on February 2, 2022 (Doc. 4) are **ADOPTED** in full.
2. Petitioner's motions (Docs. 5 and 8) are **DENIED**.
3. The petition for writ of habeas corpus is **DISMISSED**.
4. The Clerk of Court is directed to close the case; and
5. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:  **March 14, 2022**

_____
UNITED STATES DISTRICT JUDGE

3